# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITO C. ANABEZA,<br><br>               Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>               Defendant.<br>_____/ | Case No. 1:16-cv-01193-SKO<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>**ORDER DIRECTING CLERK TO CLOSE ACTION**<br><br>(Doc. 17) |

### I.  INTRODUCTION

On May 25, 2016, Plaintiff, proceeding *in pro per* and *in forma pauperis*, filed the present action in this Court.  (Doc. 1.)  Plaintiff seeks review of the Commissioner's denial of her application for benefits.  (Doc. 1.)

The Court entered a Scheduling Order on August 29, 2016 (Doc. 7), setting the deadline for Plaintiff to file her opening brief to "within thirty (30) days of service" of Defendant's response to Plaintiff's confidential letter brief.  (*See id.* at ¶ 6.)  On August 30, 2016, Plaintiff was served with an Informational Order for Pro Se Litigants.  (Doc. 8)  The Informational Order detailed Plaintiff's responsibilities as a pro se litigant, including the substantive requirements of an opening brief and reiterated the deadline for filing the brief.  (Doc. 8, p. 2.)  Plaintiff was further advised of the deadlines for the Commissioner's responsive brief and for any reply brief.  (*Id.*, p.

3.) These deadlines were also set forth on page 3 of the Informational Order which was served on Plaintiff. (*Id.*)

Pursuant to the Scheduling Order and the Informational Order, Plaintiff's opening brief was due **April 24, 2017 --** 95 days from service of the administrative record on January 19, 2017. (Docs. 7 & 8.) On April 24, 2017, Plaintiff failed to file and serve her opening brief with the Court and on opposing counsel. (*See* Docket.)

Following Plaintiff's failure to comply with the Court's order, on June 13, 2017, the Court issued an order to show cause why the matter should not be dismissed. (Doc. 15.) Plaintiff was ordered to file a written response by no later than June 30, 2017, or in the alternative, to file her opening brief. (*Id.*) On June 28, 2017, Plaintiff filed a one-page written response to the order to show cause indicating receipt of the Court's order. (Doc. 16.) The next day, the Court discharged the order to show cause, but ordered Plaintiff to file an opening brief that complies with the requirements of the Informational Order by July 13, 2017. (Doc. 17) As of the date of this order, Plaintiff has not filed her opening brief. (*See* Docket.)

## II.   DISCUSSION

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." *See* LR 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to Defendant Commissioner also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.1976). No less drastic sanction is available to the Court, as Plaintiff has failed to comply with the Court's prior orders and is proceeding *in forma pauperis*. The policy favoring disposition of cases on their merits is outweighed by these other four factors in favor of dismissal. *See Hall v. Comm'r of Soc. Sec.*, No. 1:11-cv-00693-JLT, 2011 WL 3794705 at *2 (E.D. Cal. Aug. 25, 2011).

In its Order entered June 29, 2017, the Court informed Plaintiff that failure to file a compliant opening brief may result in dismissal of the action. (Doc. 17.) Thus, Plaintiff had adequate warning that dismissal would result from failure to file her opening brief or "show cause" for why the action should not be dismissed. It is within the Court's inherent authority to dismiss the action both for failure to prosecute and for failure to comply with the Court's order.

### III.     CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's order and to prosecute; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 20, 2017**                           /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

4